ORIGINAL

# In the United States Court of Federal Claims

No. 15-56C

(Filed: May 26, 2015)

FILED

MAY 26 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EARNEST GIBSON III, | * |
| Plaintiff, | * Rule 12(b)(1) Motion to Dismiss; |
|  | * Subject-Matter Jurisdiction; *Pro Se* |
| v. | * Plaintiff; Claim for Declaratory and |
|  | * Injunctive Relief; Medicare Fraud |
| THE UNITED STATES, | * Scheme. |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Earnest Gibson III*, Houston, Texas, *pro se* Plaintiff.

*Anand R. Sambhwani*, Trial Attorney, with whom were *Benjamin Mizer*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and, *Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff Earnest Gibson III ("Mr. Gibson") brings this complaint concerning his indictment in federal district court for violations of several criminal statutes as part of his involvement in a $158 million Medicare fraud scheme. Mr. Gibson seeks declaratory and injunctive relief for violations of his constitutional rights in connection with his indictment in the Medicare fraud scheme for which he was convicted in federal district court. On March 20, 2015, the Government filed a motion to dismiss Mr. Gibson's complaint for lack of subject matter jurisdiction alleging that Mr. Gibson does not seek monetary relief from this Court or cite to a money-mandating source of law that would give the Court jurisdiction under the Tucker Act. For the reasons set forth below, the Government's motion to dismiss is GRANTED.

Factual Background

In 2012, the Government charged Mr. Gibson, among others,[1] as a co-conspirator in a $158 million Medicare fraud scheme in the United States District Court for the Southern District of Texas. See Indictment, at 6, 8, Dkt. No. 1-2. The Medicare fraud scheme involved "false claims [that] were submitted for Medicare reimbursement and in which kickbacks were given to members of the conspiracy in exchange for referral of Medicare beneficiaries for whom fraudulent claims were submitted." See Def.'s Mot. to Dismiss at 1, Dkt. No. 8. As an alleged co-conspirator in the fraud scheme, Mr. Gibson was charged with Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349, Conspiracy to Defraud the United States and to Pay and Receive Health Care Kickbacks, § 371, nine counts of violations of the Anti-Kickback Statute, 18 U.S.C. § 2 and 42 U.S.C. §§ 1320(a)-7b(b), and Conspiracy to Commit Laundering of Monetary Instruments, 18 U.S.C. §§ 1347, 1956(h).

Following a jury trial, Mr. Gibson was found guilty of the above charged offenses on October 21, 2014. See Verdict, United States v. Gibson, No. 12-600 (S.D. Tex. Oct. 21, 2014), ECF No. 331. On January 21, 2015, Mr. Gibson commenced this action in the Court seeking "declaratory relief, or in the alternative, injunctive relief," arguing that the indictment "was constitutionally infirm." See Pl.'s Compl. at 1, 11-13, Dkt. No. 1. The Government moved to dismiss Mr. Gibson's case for lack of subject matter jurisdiction on March 20, 2015.

Discussion

I.   Standards for Decision

Before the Court can hear the merits of a case, "jurisdiction must be established." Rippa v. United States, 79 Fed. Cl. 639, 641 (2007). Though *pro se* litigants are generally given more latitude in their pleadings, this does not relieve a *pro se* litigant from establishing a court's jurisdiction by a preponderance of the evidence. Moore v. United States, 94 Fed. Cl. 456, 460 (2010). Subject matter jurisdiction may be challenged at any time by the parties or by the Court, *sua sponte*. Id. When deciding a motion to dismiss for lack of subject matter jurisdiction, the court "must assume that all undisputed facts alleged in the complaint are true and . . . draw all reasonable inferences in the non-movant's favor." Jefferson v. United States, 104 Fed. Cl. 81, 86 (2012).

The Tucker Act provides the Court with jurisdiction over "claims for money damages against the United States founded either upon the Constitution, or any act of

---

[1] Mr. Gibson's son, Earnest Gibson IV, was also indicted as a co-conspirator in the Medicare fraud scheme. He also filed suit in this Court, asserting identical claims to his father. See Pl.'s Compl., Earnest Gibson IV v. United States, No. 15-57C (Fed. Cl. Jan. 21, 2015), ECF No. 1.

Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). However, the Tucker Act itself "does not create a substantive cause of action." Fisher, 402 F.3d at 1172. Instead, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." Id.; see also United States v. Mitchell, 463 U.S. 206, 217 (1983) ("A statute is money-mandating if it can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained"). This means "the other source of law must be reasonably amenable to the reading that it mandates a right of recovery in damages." Rippa, 79 Fed. Cl. at 642.

## II. Claims for Declaratory Judgment and Injunctive Relief

The Court does not have jurisdiction over Mr. Gibson's claims for declaratory and injunctive relief. Mr. Gibson is not seeking to recover money damages. That fact alone provides the Court with the basis to dismiss his complaint under the Tucker Act. See Todd v. United States, 386 F.3d 1091, 1095 (Fed. Cir. 2004) ("Absent a claim for presently due money damages against the United States, the Court of Federal Claims does not have jurisdiction under the Tucker Act").

Even if Mr. Gibson's complaint could be construed as seeking money damages, none of the constitutional and statutory provisions Mr. Gibson cited in his complaint provides this Court with jurisdiction. Mr. Gibson identifies the Sixth, Ninth, Tenth, and Thirteenth Amendments to the Constitution as well as Article III, Section 2 of the Constitution, the Fifth Amendment Due Process Clause, and 42 U.S.C. § 1981 as the bases for his claims. These constitutional and statutory provisions, however, are not money mandating. See, e.g., United States v. Connolly, 716 F.2d 882, 887-88 (Fed. Cir. 1983) (holding the Court has no jurisdiction under the First Amendment); Gable v. United States, 106 Fed. Cl. 294, 298 (2012) ("Sixth Amendment is not money-mandating"); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 167 (2009) ("this court may not hear claims under Article III, Section 2"); Johnson v. United States, 79 Fed. Cl. 769, 774 (2007) ("This court, however, cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation"); Fry v. United States, 72 Fed. Cl. 500, 507 (2006) ("the Due Process Clause of the Fifth Amendment [is] not money mandating. . . . Likewise, the Ninth and Tenth Amendment are not money mandating"). Similarly, this Court does not have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1981, as jurisdiction under the Act resides exclusively in the district courts. See Marlin v. United States, 63 Fed. Cl. 475, 476 (2005).

Finally, the Court does not have jurisdiction over Mr. Gibson's complaint based upon any of the five sources of law that Mr. Gibson newly raised in his response to the

Government's motion to dismiss. Mr. Gibson cited to 28 U.S.C. § 1331, 28 U.S.C. § 1491, 28 U.S.C. § 1495, 5 U.S.C. § 706, and Federal Rule of Civil Procedure ("FRCP") 57. See Pl.'s Resp. at 4-7, Dkt. No. 9. But like the sources of substantive law that Mr. Gibson cited in his complaint, none of these sources of law is money-mandating either.

First, 28 U.S.C. § 1331 only establishes the jurisdiction of the federal district courts. Hall v. United States, 69 Fed. Cl. 51, 56 (2005) ("The United States Court of Federal Claims . . . is not a United States District Court and, therefore, does not have jurisdiction over claims arising under 28 U.S.C. § 1331). Second, though 28 U.S.C. § 1491 establishes the Court's jurisdiction, it only confers jurisdiction where a substantive right exists that mandates the payment of money by the Government. Plaintiff must still identify a separate money-mandating source of substantive law, which Mr. Gibson has not. See Fisher, 402 F.3d at 1172. Third, 28 U.S.C. § 1495 does not apply because Mr. Gibson has not alleged that his conviction was reversed or set aside nor has he attached a pardon or certificate of innocence that would give this Court jurisdiction. Sykes v. United States, 105 Fed. Cl. 231, 234 (2012). Fourth, 5 U.S.C. § 706 is the standard of review the Court applies to bid protest cases; it is not a money-mandating source of law. Finally, FRCP 57 is not a rule of this Court and therefore is inapplicable to Mr. Gibson's complaint. Even if Mr. Gibson had cited to Rule 57 of the Rules of the United States Court of Federal Claims, it would still not provide the Court with jurisdiction because Mr. Gibson is not seeking a declaratory judgment in connection with a procurement, see 28 U.S.C. § 1491, or a declaratory judgment in connection with 28 U.S.C. § 1507 (giving the Court jurisdiction under Internal Revenue Code Section 7428 pertaining to "status and classifications of organizations under section 501(c)(3)" of the Code). Rather, Mr. Gibson is seeking a declaratory judgment in connection with his indictment and conviction in the Medicare fraud scheme, which the Court cannot provide. Pl.'s Compl. at 1.

## Conclusion

For the foregoing reasons, the Government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge